UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANDREW JEUNE,
    Plaintiff

v.

OFFICER JOHN MCELROY, OFFICER
CARLOS AQUINO, OFFICER DANIEL MCNEIL,
OFFICER FRANK GREENRIDGE,
LIEUTENANT TIMOTHY HOGAN, and the
CITY OF CAMBRIDGE
    Defendants

C.A No. 05cv10215 GAO

COMPLAINT

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983. Plaintiff Andrew Jeune alleges that the Defendant police officers illegally searched him, falsely arrested him and used excessive force in effectuating that arrest, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, §11I. The Plaintiff further alleges that the City of Cambridge has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

## PARTIES

3. Plaintiff Andrew Jeune is a resident of Cambridge, Massachusetts.

4. Defendant Officer John McElroy is an employee of the Cambridge Police Department, acting under color of law at all time relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Cambridge.

5. Defendant Officer Carlos Aquino is an employee of the Cambridge Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Cambridge.

6. Defendant Officer Frank Greenridge is an employee of the Cambridge Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Cambridge.

7. Defendant Officer Daniel McNeil is an employee of the Cambridge Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Cambridge.

8. Defendant Lieutenant Timothy Hogan is an employee of the Cambridge Police Department, acting under color of law at all times relative to this Complaint, and is sued in his individual capacity as a police officer for the Defendant City of Cambridge.

9. Defendant City of Cambridge is a municipality duly authorized under the laws of the Commonwealth of Massachusetts.

## **FACTS**

10. On the afternoon of May 6, 2003, the Plaintiff Andrew Jeune, age 17, was walking towards his father's office in Central Square, dressed in a hooded sweatshirt and jeans.

11. He was jogging slowly, so that he would not keep his father waiting, when the Defendant Officers McElroy and Aquino approached him.

12. The Defendants told the Plaintiff to "come here."

13. The Defendants then informed the Plaintiff that there had been an attempted breaking and entering in the area and they were going to arrest him.

14. Defendant McElroy instructed the Plaintiff to get up against their police car.

15. While Defendant McElroy left momentarily to look down a nearby alley, Defendant Aquino told the Plaintiff to put his hands against the car, and then began to feel his stomach.

16. Defendant Aquino proceeded to search the Plaintiff's pockets and pulled out a comb, chap-stick, a subway pass, a pack of gum, ten dollars, and several papers that the Plaintiff was carrying from school.

17. After completing the search, Defendant Aquino put the Plaintiff's hands behind his back and handcuffed him.

18. The handcuffs were extremely tight around the Plaintiff's wrist and they began to impede his circulation.

19. When Plaintiff informed Defendant Aquino that he was beginning to feel faint, Aquino swore at him, calling him a "wuss," or weakling.

20. When the he complained that he was experiencing symptoms of an asthma attack, Defendant Aquino told him to stop whining and acting like "a little bitch."

21. The Plaintiff continued to tell Defendant Aquino that he was feeling more and more lightheaded.

22. He then stated that the Defendant was doing this to him "because he is black."

23. Defendant Aquino replied "you think you have it bad nigger, I have to deal with people calling me a spic everyday."

24. Defendant McElroy then returned to the scene of the arrest and brought with him the alleged victim of the breaking and entering.

25. Defendant McElroy instructed the alleged victim to look at the Plaintiff to determine if she could identify him.

26. The woman was unable to make a positive identification. Nonetheless, the Defendants informed the Plaintiff that he was under arrest for breaking and entering despite the lack of probable cause to arrest.

27. Defendant Officer Greenridge then arrived with the transport vehicle.

28. Defendant Greenridge asked the Plaintiff what was wrong, and when the Plaintiff told him he was having an asthma attack, Greenridge told him to "stop fucking lying" and said he must be some sort of "bitch" to be complaining about tight handcuffs.

29. He was taken to the police station, booked by Defendant McNeil, and read his rights by Defendant Hogan.

30. The Plaintiff was then transported to Cambridge Hospital by Officer Greenridge, where he was handcuffed to his bed.

31. He continued to complain that the cuffs were too tight and now requested that he be allowed to speak with one of his parents.

32. Another Officer then entered the room and slammed the Plaintiff down onto the bed, pushing his head into a guardrail.

33. The Plaintiff continued to object to this treatment and, after a short time, another Officer entered the room, tied a strap around Plaintiff's arm, and secured him to the bed.

34. Finally, he was led from the hospital room towards the exit by several Officers.

35. On the way out the door, one of the Officers kneed him in the back, while the others continued to curse at him.

36. Once outside the door, the Plaintiff was pushed into a concrete barrier. Since he was still handcuffed, he lost his balance and landed on his leg.

37. When the Plaintiff complained, the Officers told him to "shut up."

38. The Plaintiff was then lifted off the ground towards the wagon by his neck.

39. When the Plaintiff asked why he was being choked, an Officer said "maybe this will teach you to go straight to booking instead of wasting our time." He was then forced into the wagon.

40. Once back at the police station, the Plaintiff was interrogated and then placed in a cell.

41. Finally, he was allowed to make a phone call, but could not reach his parents.

42. He also learned that his bail hadn't been set, and thus he was forced to spend the night in jail.

43. Subsequently, all criminal charges were dismissed.

44. As a result of this incident, the Plaintiff suffered physical and emotional injuries.

### COUNT I
### VIOLATION OF 42 U.S.C. §1983
### BY ALL INDIVIDUAL DEFENDANTS

45. The Plaintiff restates the allegations in paragraphs 1 through 44 and incorporates said paragraphs herein as paragraph 45.

46. By the actions alleged in paragraphs 1 through 44, the Defendant Officers deprived the Plaintiff of his right to be free from unreasonable seizures, to be free from unreasonable searches, and to be free from the use of excessive force, all in violation of 42 U.S.C.

§1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

## COUNT II
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, §11I
## BY ALL INDIVIDUAL DEFENDANTS

47. Plaintiff restates the allegations in paragraphs 1 through 46 and incorporates said paragraphs herein as paragraph 47.

48. By the actions described in paragraphs 1 through 46, the Defendant Officers violated the Plaintiff's civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, §11I.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983
## BY DEFENDANT CITY OF CAMBRIDGE

49. The plaintiff restates the allegations in paragraphs 1 through 48 and incorporates said paragraphs herein as paragraph 49.

50. By the actions described in Paragraphs 1 through 48 herein, the Defendant City of Cambridge has demonstrated a custom and policy of deliberate indifference to the rights of citizens by:

   a. Failing to train its police officers on the proper use of force, proper search and seizure guidelines and proper arrest procedures;

   b. Failing to investigate citizens' complaints of excessive force, false arrest and unlawful search brought against its police officers;

   c. Failing to supervise or discipline officers who are prone to use excessive force, effectuate unlawful seizures, and conduct illegal searches; and

d. Tolerating a custom and practice in which officers use excessive force, make false arrests, and conduct unlawful searches.

**WHEREFORE,** the Plaintiff respectfully requests that this Court award:

1. Compensatory damages against all Defendants jointly and severally;

2. Punitive damages against the individual Officers;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded on all counts.

DATED: January 21, 2005

Respectfully submitted
Plaintiff Andrew Jeune,
By his attorneys,

Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847
Hrones & Garrity
Lewis Wharf – Bay 232
Boston, MA 02110-3927
(617) 227-4019

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Andrew Jeune v. John McElroy, Officer, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    NO (x)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    NO (x)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO (x)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    NO (x)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES (x)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION (x)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen Hrones, Hrones Garrity & Hedges, LLP
ADDRESS  Lewis Wharf-Bay 232, Boston, MA 02110
TELEPHONE NO.  617/227-4019

(Cover sheet local.wpd - 11/27/00)

FILED IN CLERK'S OFFICE
2005 FEB -2 P 4:04
U.S. DISTRICT COURT
DISTRICT OF MASS.

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Andrew Jeune

**DEFENDANTS**
Officer John McElory, Officer Carlos Aquino, Officer Daniel McNeil, Officer Frank Greenridge, Lieutenant Timothy Hogan, and the City of Cambridge

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen Hrones, Hrones Garrity & Hedges, LLP
Lewis Wharf-Bay 232, Boston, MA 02110
617/227-4019

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC §1983

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ TBD

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 2/2/05
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT