UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-10215 GAO

| | |
|---|---|
| ANDREW JEUNE,<br>    Plaintiff<br><br>v.<br><br>OFFICER JOHN MCELROY, OFFICER<br>CARLOS AQUINO, OFFICER DANIEL MCNEIL,<br>OFFICER FRANK GREENRIDGE,<br>LIEUTENANT TIMOTHY HOGAN, and the<br>CITY OF CAMBRIDGE<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

In answer to the allegations of the Complaint, Defendant City of Cambridge, (hereafter, referred to as the "City") states as follows:

### FIRST DEFENSE

1. The allegations in the first sentence of this paragraph state a legal conclusion, to which no response is required. The City denies that the defendants illegally searched the plaintiff. The City denies that the defendants falsely arrested the plaintiff and denies using excessive force when arresting the plaintiff. The City denies that the defendants violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the United States and Massachusetts Constitutions. The City denies that the City has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

2. This paragraph states a legal conclusion to which no response is required.

3. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore denies the same.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. The City admits so much of the allegations set forth in paragraph 10 that alleges that the plaintiff was walking on West Street in Cambridge. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 and therefore denies the same.

11. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies the same.

12. Admit as much of paragraph 12 that alleges that Officers McElroy and Aquino requested the plaintiff to come over to speak with them.

13. Denied.

14. Denied.

15. Denied.

16. Admit so much of paragraph 16 that alleges that a pat frisk of the plaintiff was conducted and items were removed from plaintiff's pockets.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admit so much of paragraph 21 that alleges that the plaintiff stated to Officer Aquino that the plaintiff felt light headed.

22. Admit.

23. Denied.

24. Denied.

25. Admit so much of paragraph 25 that alleges that a witness to plaintiff's actions was asked to look at plaintiff to determine whether the witness could identify the plaintiff. Deny that the alleged victim was brought to look at the plaintiff.

26. Denied.

27. Denied that Officer Greenidge arrived after the witnesses' identification of the plaintiff

28. Denied.

29. Admit.

30. Denied that Officer Greenidge transported plaintiff to Cambridge Hospital.

31. Admit so much of paragraph 31 that alleges that the plaintiff state that he wanted to speak to his parents, the City is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 31 and therefore denies the same.

32. Denied.

33. Denied.

34. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies the same.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 and therefore denies the same.

42. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 and therefore denies the same.

43. Admit.

44. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and therefore denies the same.

## COUNT I

45. The defendant's repeat their admissions, denials and allegations contained in paragraphs 1 through 44 above as if each were fully set forth herein.

46. Denied.

## COUNT II

47. The defendant's repeat their admissions, denials and allegations contained in paragraphs 1 through 46 above as if each were fully set forth herein.

48. Denied.

## COUNT III

49. The defendant's repeat their admissions, denials and allegations contained in paragraphs 1 through 48 above as if each were fully set forth herein.

50. Denied.

    (a) Denied.

    (b) Denied.

    (c) Denied.

    (d) Denied.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## THIRD DEFENSE

Plaintiffs own actions, attempting to break and enter a building, were the cause of plaintiff's arrest.

## FOURTH DEFENSE

Count III of the Complaint fails to state a claim against the City under 42 U.S.C. §1983.

## FIFTH DEFENSE

At all times defendants exercised due care and acted in good faith.

## SIXTH DEFENSE

Plaintiff's detainment and arrest were based upon probable cause and on the identification of the plaintiff by a percipient witness, and were reasonable under the circumstances.

## SEVENTH DEFENSE

The complaint is barred because defendants' actions were undertaken in good faith and were objectively reasonable.

## EIGHTH DEFENSE

If force was applied to the plaintiff, it was necessarily applied in good faith to maintain and restore discipline and with no more force than was necessary under the circumstances.

## NINTH DEFENSE

Plaintiff's claims are wholly insubstantial, frivolous and not advanced in good faith.

## TENTH DEFENSE

Defendants acted without malice or ulterior motive.

## ELEVENTH DEFENSE

Defendants acted without threats, intimidation or coercion.

## TWELFTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

**DEFENDANTS RESERVE THE RIGHT TO ASSERT FURTHER AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.**

WHEREFORE, Defendants demand judgment:

1. dismissing the Complaint on its merits; and

2. for their costs, disbursements and reasonable attorney's fees in defense of this action; and

3. for such other and further relief as this Court deems just and proper.

**Demand For Jury Trial**

Defendants demand a jury trial on all issues so triable.

                                      Respectfully submitted,
                                      Defendant City of Cambridge,
                                      By it's attorney,

                                      Arthur J. Goldberg, Esq.
                                      Law Department, City Hall
                                      795 Massachusetts Avenue
                                      Cambridge, MA 02139
                                      BBO #543909
                                      (617) 349-4121

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2005 a true copy of the enclosed document was served upon Plaintiff's Attorney Stephen Hrones, Esq., and Defendant's Attorney Thomas Urbelis by first class mail, postage prepaid.

                                      Arthur J. Goldberg, Esq.

| | |
|---|---|
| Attorney Stephen Hrones | Attorney Thomas Urbelis |
| Hrones & Garrity | Urbelis & Fieldsteel, LLP |
| Lewis Wharf-Bay 232 | 155 Federal Street |
| Boston, MA 02110-3927 | Boston, MA 02110 |