UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

CIVIL ACTION NO. 05-CV-10215 GAO

|   |   |
|---|---|
| ANDREW JEUNE,<br>    Plaintiff<br>v.<br><br>OFFICER JOHN MCELROY, OFFICER CARLOS AQUINO, OFFICER DANIEL MCNEIL, OFFICER FRANK GREENRIDGE, LIEUTENANT TIMOTHY HOGAN, and the CITY OF CAMBRDIGE,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT OFFICER DANIEL MCNEIL TO PLAINTIFF'S COMPLAINT AND JURY CLAIM

1. The allegations in the first sentence of this paragraph state a legal conclusion, to which no response is required. The remaining allegations are denied.

2. This paragraph states a legal conclusion to which no response is required.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, therefore, denies the same.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, therefore, denies same.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, therefore, denies same.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, denies same.

7. Admitted.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, denies same.

9. Admitted.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set for in paragraph 10 and, therefore, denies same.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, therefore, denies same.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, therefore, denies same.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, therefore, denies same.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, therefore, denies same.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and, therefore, denies same.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and, therefore, denies same.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and, therefore, denies same.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and, therefore, denies same.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and, therefore, denies same.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and, therefore, denies same.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and, therefore, denies same.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and, therefore, denies same.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and, therefore, denies same.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and, therefore, denies same.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, therefore, denies same.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and, therefore, denies same.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 and, therefore, denies same.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 and, therefore, denies same.

29. Admitted

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and, therefore, denies same.

31. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and, therefore, denies same.

32. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and, therefore, denies same.

33. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and, therefore, denies same.

34. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and, therefore, denies same.

35. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and, therefore, denies same.

36. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and, therefore, denies same.

37. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and, therefore, denies same.

38. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and, therefore, denies same.

39. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and, therefore, denies same.

40. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 and, therefore, denies same.

41. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 and, therefore, denies same.

42. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 and, therefore, denies same.

43. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and, therefore, denies same.

44. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and, therefore, denies same.

## COUNT I

45. The defendant repeats his responses to the allegations contained in paragraphs 1 through 44 above as if each were fully set forth herein.

46. Denied.

## COUNT II

47. The defendant repeats his responses to the allegations contained in paragraphs 1 through 46 above as if each were fully set forth herein.

48. Denied.

## COUNT III

49. The defendant repeats his responses to the allegations contained in paragraphs 1 through 48 above as if each were fully set forth herein.

50. Denied.

    (a) Denied.

    (b) Denied.

    (c) Denied.

    (d) Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's own actions, in attempting to break and enter a building, were the cause of plaintiff's arrest.

## THIRD AFFIRMATIVE DEFENSE

At all times defendant exercised due care and acted in good faith.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's detainment and arrest were based upon probable cause and were reasonable under the circumstances.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because the defendant's actions were undertaken in good faith and were objectively reasonable.

## SIXTH AFFIRMATIVE DEFENSE

If force was applied to the plaintiff, it was necessarily applied in good faith to maintain and restore discipline and with no more force than was necessary under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are wholly insubstantial, frivolous and not advanced in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant acted without malice or ulterior motive.

## NINTH AFFIRMATIVE DEFENSE

Defendant acted without threats, intimidation or coercion so there is no liability under Court II.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was arrested on the positive identification of a coherent and credible witness.

### TWELVTH AFFIRMATIVE DEFENSE

Defendant has qualified immunity for his actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was arrested on probable cause.

### DEFENDANT RESERVES THE RIGHT TO ASSERT FURTHER AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.

Wherefore, Defendant demands judgment:

1. Dismissing the Complaint on its merits;

2. For his costs, disbursements and reasonable attorney's fees in defense of this action; and

3. For such other and further relief as this Court deems just and proper.

### Demand for Jury Trial

Defendant demands a jury trial on all issues so triable.

Date:  April 26, 2005

Respectfully submitted,
OFFICER DANIEL MCNEIL
By his attorney,

_____
Thomas J. Urbelis, Esquire
BBO #506560
Urbelis & Fieldsteel, LLP
155 Federal Street
Boston, MA 02110
(617) 338-2200

### CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing by mailing same, postage prepaid to Attorney Stephen Hrones, Hrones & Garrity, Lewis Wharf – Bay 232, Boston, MA 02110-3927 and Attorney Arthur J. Goldberg, City of Cambridge, Office of the Solicitor, 795 Massachusetts Avenue, Cambridge, MA 02139 on this 26th day of April, 2005.

_____
Thomas J. Urbelis, Esquire